

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

---

JUAN FRANK DELEON

versus                        CIVIL ACTION NO. 07-0643
                                             JUDGE TOM STAGG

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration

---

### MEMORANDUM RULING

Before the court is a motion for summary judgment filed by the defendant, Michael J. Astrue, Commissioner of the Social Security Administration ("Commissioner Astrue"). See Record Document 7. For the reasons set forth below, the defendant's motion for summary judgment is **GRANTED**.

### I. BACKGROUND

On December 26, 2001, the plaintiff, Juan Frank DeLeon ("DeLeon") filed an application for Title II disability insurance benefits with the Social Security Administration. In the application, DeLeon claimed that because he suffered from various back problems, he was no longer able to work as a carpenter, which was his

previous occupation. He also claimed that his disability began June 1, 2001. This initial claim was denied, and DeLeon timely filed a request for hearing. On September 13, 2002, a hearing was held before an Administrative Law Judge who subsequently rendered an unfavorable decision denying DeLeon disability benefits on December 26, 2002. DeLeon then timely filed a request for a review of the hearing decision/order. However, on April 4, 2003, the Appeals Council, after reviewing the reasons DeLeon disagreed with the order and any additional evidence he submitted, denied review. DeLeon then filed civil action number 5:04-CV-062 with this court seeking review of the Social Security Administration's denial of his disability claim. On February 28, 2005, District Judge Maurice Hicks dismissed the case with prejudice, finding that the substantial evidence of the record supported the Administrative Law Judge's decision and that the Administrative Law Judge applied the correct legal standards in reaching that decision. DeLeon last met the insured status requirements for a period of disability on March 31, 2002.

On February 2, 2005, prior to the ruling by Judge Hicks, DeLeon filed a new application for Title II disability insurance benefits, which is the basis for the claim now before the court. This new claim was denied five days later, after which DeLeon

filed a request for a hearing. On June 9, 2006, Administrative Law Judge Osly Deramus dismissed DeLeon's claim without a hearing. The order of dismissal noted that the only new evidence presented by DeLeon consisted of reports of treatment *after* March 31, 2002, and additional office notes by physicians that were not in the record of the prior decision to deny benefits. However, the Administrative Law Judge found that these notes did not concern any new diagnostic tests or findings not included in the record from the prior decision. Thus, the dismissal was based on DeLeon's failure to provide new and material evidence that would warrant a re-opening of the prior decision. The Appeals Council subsequently denied DeLeon's request for review.

DeLeon then filed the instant suit seeking Title II disability benefits from the Social Security Administration as well as attorney's fees. He also alleges that the Administrative Law Judge did not adequately review the medical records and new evidence before rendering a decision. He argues that at the very least, he is entitled to a hearing on the matter. The defendant, Commissioner Astrue, then filed a motion for summary judgment, arguing that the court must dismiss this case for lack of subject matter jurisdiction. See Record Document 7.

## II. LAW & ANALYSIS

A.  **Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004) (citations and quotations omitted). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See

Boudreaux v. Swift Transp. Co. Inc., 402 F.3d 536, 540 (5th Cir. 2005). "[T]he nonmovant cannot satisfy [his] burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." Freeman v. Tex. Dep't of Criminal Justice, 369 F.3d 854, 860 (5th Cir. 2004). However, when ruling on a motion for summary judgment, "doubts are to be resolved in favor of the nonmoving party, and any reasonable inferences are to be drawn in favor of that party." Evans v. City of Bishop, 238 F.3d 586, 589 (5th Cir. 2000).

**B.    Jurisdiction.**

In general, a federal district court has jurisdiction to review a final decision by the Commissioner of Social Security. See 42 U.S.C. § 405(g). However, current case law holds that a district court does not have jurisdiction under section 405(g) to review a decision by the Commissioner of the Social Security Administration not to reopen a prior previously adjudicated claim. See Robertson v. Bowen, 803 F.2d 808, 810 (5th Cir. 1986) (citation omitted). "[F]ederal courts have subject matter jurisdiction over a petition to reopen if a colorable constitutional is asserted." Id.; see also Orphey v. Massanari, 268 F.3d 1063, 1063 (5th Cir. 2001); Brandyburg v. Sullivan, 959 F.2d 555, 558 (5th Cir. 1992). Thus, "[a] claimant must make a

5

colorable claim of constitutional violation to vest a court with jurisdiction to review a refusal to reopen ... by the Administration." Martin v. Barnhart, 48 F.App'x 916, 916 (5th Cir. 2002). According to the United States Supreme Court, federal courts do not have subject matter jurisdiction over a case in which the plaintiff "seeks only an additional opportunity to establish that he satisfies the Social Security Act's eligibility standards for disability benefits" without challenging the denial on constitutional grounds. Califano v. Sanders, 430 U.S. 99, 109, 97 S.Ct. 980, 986 (1977).

In this case, DeLeon makes no such constitutional claim. Instead, DeLeon claims that he is entitled to disability benefits under Title II of the Social Security Act. See Record Document 1 at 2. He further argues that the Administrative Law Judge did not properly review his medical records and the evidence he provided and that "at the very least" he is entitled to a hearing for further review of the evidence in the record, which he claims is new and material. See Record Document 1 at 1, 2. Nowhere does he claim that any constitutional violation occurred. Moreover, in responding to Commissioner Astrue's motion for summary judgment, DeLeon did not specifically address this issue of jurisdiction, which Commissioner Astrue raised, or

identify a constitutional claim. Thus, nothing in the record indicates that DeLeon has made a colorable constitutional claim in connection with this case.

Pursuant to 20 C.F.R. §§ 404.988 and 404.989, the Social Security Administration may reopen a prior decision made in the administrative review process if good cause is shown. The provision of new and material evidence can constitute good cause. See 20 C.F.R. § 404.989(a)(1). However, in issuing his June 9, 2006, ruling, Administrative Judge Deramus specifically found that the new evidence submitted (1) only included reports of treatment after March 31, 2002, the last day DeLeon was insured and (2) consisted of routine office notes that did not contain any new diagnostic tests or findings that were not in the record for the prior decision. See Record Document 7, Declaration of Patrick J. Herbst, Ex. 1 at 2. Moreover, Administrative Judge Deramus determined that DeLeon's request was prohibited by the doctrine of <u>res judicata</u> because DeLeon had a previous determination about his rights based on the same facts and the same issues as the current claim, and this prior determination had become final by either administrative or judicial action. See <u>id.</u>; 20 C.F.R. § 404.957(c)(1).

However, regardless of the reasons behind the dismissal of DeLeon's request

7

for a hearing, DeLeon still failed to make a colorable constitutional claim in his complaint. Thus, this court lacks jurisdiction to review the Commissioner's decision not to reopen DeLeon's case and this claim must be dismissed.

## III. CONCLUSION

Based on the foregoing analysis, the defendant's motion for summary judgment (Record Document 7) is **GRANTED**.

A judgment consistent with this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 20th day of December, 2007.

_____
JUDGE TOM STAGG